## Del Río et al., Demandantes y Apelantes, v. Sucesión Cancel et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Arecibo en pleito sobre indemnización de daños y perjuicios (traslado del caso). Moción para corregir la transcripción de autos.

No. 3213.—Resuelto en enero 22, 1924.

Resuelto en reconsideración en febrero 29, 1924.

Traslado—Corrección de Autos en el Tribunal Supremo.—Evidencia que no tuvo bajo consideración la corte inferior al decretar el traslado, no puede ser incorporada al récord por vía de corrección de autos en el Tribunal Supremo para sostener la legalidad del traslado.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. V. Polanco de Jesús.*

Abogado de los apelados: *Sr. H. F. Besosa.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta es una moción para corregir la transcripción de autos hecha por la apelada, la "National Surety Co.," que logró obtener un traslado del caso de la Corte de Distrito de Arecibo a la Corte de Distrito de San Juan por el fundamento de que la residencia, domicilio legal y oficina principal de la compañía demandada, están en San Juan. Hubo varios demandados. La apelada ofrece ahora copia certificada de un documento que acredita los diligenciamientos hechos por los márshals de Mayagüez y San Juan en los emplazamientos de los varios demandados, y también ofrece una certificación creditiva de que la Sucesión Cancel compareció y contestó en San Juan.

El apelante se opone a la admisión de la certificación mencionada en último término porque de ella aparece que la comparecencia de dicha sucesión fué hecha en enero 2, 1924, en San Juan, y por tanto que la comparecencia no pudo posiblemente haber sido ante la corte de distrito al dictar su resolución, trasladando el caso en noviembre 9, 1923. Tiene razón el apelante. Además, no podemos ver cómo es que una comparecencia de un demandado que residía en otra parte podía afectar a la cuestión del derecho al traslado de la causa.

Asimismo insiste el apelante en que en la Corte de Distrito de Arecibo la apelada probó cierto caso para obtener un traslado de la causa y dice también en efecto que al resolver la moción la corte no tuvo ante sí los diligenciamientos de los márshals. En verdad, y aunque el apelante aparentemente no lo ha notado, el documento que acredita el diligenciamiento muestra que los diligenciamientos fueron archivados en la oficina del secretario de la Corte de Distrito en diciembre 7, 1923. Es evidente, pues, que estos no habían sido archivados en noviembre 9, fecha de la resolución. Ni existe ninguna indicación de que se llamara la atención de la corte a los mismos.

Era el deber de la apelada que deseaba obtener un traslado de la causa, el presentar todo su caso a la Corte de Distrito de Arecibo, y no puede ahora suplirse esta deficiencia mediante los récords o prueba que surge *post litem motam.*

La moción debe ser denegada.

*Denegada la moción.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.

RESOLUCIÓN SOBRE RECONSIDERACIÓN, DE FEBRERO 29, 1924.

El Juez Asociado Sr. Wolf emitió la opinión del tribunal.

El documento que acredita los diligenciamientos lleva fecha de radicación de diciembre 7, 1923. Si la apelada deseaba demostrar que estos emplazamientos estaban de hecho ante la Corte de Distrito de Arecibo, debió haberse seguido algún otro método. En nuestra opinión dijimos, "Ni existe ninguna indicación de que se llamara la atención de la corte a los mismos."

Que ningún documento radicado en San Juan después de la resolución de la Corte de Distrito de Arecibo puede hacerse formar parte de estos autos, es una proposición demasiado clara para mayor discusión.

*Denegada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.